# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN DUNN LUKSZA & PATRICIA FOSER, INDIVIDUALLY AND ON BEHALF OTHERS SIMILARLY SITUATED,<br><br>                                  Plaintiffs,<br><br>vs.<br><br>TJX COMPANIES, Inc., a Delaware corporation, d/b/a "TJ MAXX"; DOES I Through X; and Roe Corporations I through X, inclusive,<br><br>                                  Defendants. | Case No. 2:11-cv-01359-JCM-GWF<br><br>**ORDER**<br><br>Motion to Seal Portions of Exhibit 3 (#108) |

This matter comes before the Court on Defendant TJX Companies, Inc.'s ("Defendant") Motion to Seal (#108), filed on June 12, 2013. Plaintiffs Carolyn Dunn Luksza and Patricia Foser ("Plaintiffs") previously filed a Motion (#103) for leave to file their Opposition (#104) to Defendant TJX's ("TJX") Motion for Summary Judgement (#93) along with its accompanying exhibits under seal. The Court denied Plaintiffs' Motion (#103), finding Plaintiffs' general statements did not adequately set forth compelling reasons to seal the pleadings. *See June 7, 2013 Order*, *Doc. #106*. Defendant now moves to seal only Exhibit 3 to the Affidavit of Larson A. Welsh in support of Plaintiffs' Opposition (#104).

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). A narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Unless a particular court record

is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The moving party must articulate compelling reasons supported by specific factual findings that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

Here, Defendant articulates compelling reasons to seal Exhibit 3 to Plaintiffs' Opposition (#104).  Defendant represents that Exhibit 3 includes confidential information related to the development and implementation of its unique industrial engineering standards as well as its performance management program.  Defendant further represents that Exhibit 3 contains confidential information concerning the discipline and leave of employees who are not parties to this litigation. The Court finds Defendant makes a showing sufficient to outweigh the policy favoring public access to the subject Exhibit.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Seal (#108) Exhibit 3 to the Affidavit of Larson A. Welsh in Support of Plaintiffs' Opposition is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an unsealed copy of their Opposition (#104) within 7 days of the date of this Order, excluding Exhibit 3, which will remain under seal.

DATED this 17th day of June, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge