# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN DUNN LUKSZA & PATRICIA FOSER, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>TJX COMPANIES, INC., d/b/a TJ MAXX,<br><br>                Defendants. | Case No.:   2:11-cv-01359-JCM-GWF<br><br>**ORDER**<br><br>Motion to Stay Execution Upon Bill of Costs (#120) |

      This matter is before the Court on Plaintiffs' Motion to Stay Execution Upon Bill of Costs (#120), filed on March 7, 2014. No opposition was filed in this matter.

## DISCUSSION

      On August 22, 2011, Plaintiffs filed a Complaint alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") based on Defendant's failure to pay lawful wages to Plaintiffs, individually and to those similarly situated. *See* Complaint (#1), ¶ 1. On September 27, 2011, Plaintiffs filed a Motion to Conditionally Certify (#8) pursuant to 29 U.S.C. § 216(b). On November 18, 2011, parties stipulated to conduct phased discovery. *See* Order #31. The Court approved the parties' phased discovery plan and ordered a six month discovery period. *See* Order (#32). Between the filing of the initial motion and Defendant's Response, the parties conducted a significant amount of discovery over a period of four months. On August 8, 2013, the Court denied Plaintiffs' Motion (#8) concluding that the evidence provided by Plaintiffs was insufficient to warrant conditional certification of the putative class. On January 28, 2014, the Court granted Defendants' Motion for Summary Judgment (#93) after which Defendants' filed their Bill of Costs

(#115) on February 12, 2014.  Plaintiffs then filed a Notice of Appeal (#116) with the United States Court of Appeal, Ninth Circuit, which is docketed as United States Court of Appeals, Ninth Circuit case number 14-15270.  Plaintiffs now bring this Motion to Stay Execution Upon Bill of Costs pursuant to Fed. R. Civ. P. 62(d).  Specifically, Plaintiffs are requesting this Court grant them a sixty (60) day stay of execution to afford Plaintiffs adequate time to post a supersedeas bond pending appeal.

It is well settled federal courts have statutory or inherent power to stay judgments and orders pending appeal pursuant to Fed. R. Civ. P. Rule 62.  Because a stay pending appeal operates for appellant's benefit and deprives appellee of immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances.  *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  However, when circumstances warrant, district courts are empowered to provide a forum and amount of security different from the supersedeas bond.  *See Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492 (9th Cir. 1985).  Accordingly, the propriety of its issue is dependent on the circumstances of the particular case.  Among the factors to be considered are whether the appellant is likely to prevail on the merits of the appeal; whether, without such relief, appellant will be irreparably harmed; whether its issuance will substantially harm other parties interested in the proceedings; and the public interest.  *See Nken v. Holder*, 556 U.S. 418, 426-427 (2009).  Furthermore, Rule 62(d)'s supersedeas bond language does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate.  *See Federal Prescription Service, Inc., v. American Pharmaceutical Ass'n*, 636 F. 2d 755, 758 (D.C. Cir. 1980).

Here, Plaintiffs request a sixty (60) day stay of execution upon the Bill of Costs (#115) and Costs Taxed (#119), the purpose of which is to give Plaintiffs time to obtain a supersedeas bond so they may further stay the execution pending Plaintiffs' appeal to the United States Court of Appeals.  No opposition was filed in this matter, therefore, the Court does not believe the issuance of a sixty day stay of execution will substantially harm the Defendants.  Furthermore, Plaintiffs allege they intend to obtain a supersedeas bond equal to the Bill of Costs taxed Plaintiffs in addition to reasonable costs on appeal and interest which may accrue pending the appeal.  The

Court, therefore, within its discretionary power, finds Plaintiffs established good cause to stay execution of the judgment for sixty days. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay Execution Upon Bill of Costs for **sixty (60) days** is **granted**. Execution upon Bill of Costs (#115) and Costs Taxed (#119) will be stayed until **May 26, 2014**.

DATED this 27th day of March, 2014.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**